# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PACHATTAR SINGH & GURPREET SINGH**, <br><br> Plaintiffs, <br><br> v. <br><br> **DONALD TRUMP, President of the United States;** *et al.*, <br><br> Defendant(s). | Case No. 3:18-cv-01912-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on April 15, 2019. ECF 16. Magistrate Judge Russo recommended that Defendants' Motion to Dismiss (ECF 12) be denied as moot and Plaintiffs' Motion for Extension of Time to file an Amended Complaint (ECF 14) should be granted.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection (ECF 18), to which Plaintiffs responded. ECF 19. Defendants object to the portion of Magistrate Judge Russo's recommendation granting Plaintiffs motion for an extension of time to file an amended complaint.

Plaintiffs filed their original complaint on November 1, 2018. On December 27, 2018, Judge Russo granted Defendants' motion for a stay of the deadline to answer the complaint in light of the ongoing lapse in government appropriations. ECF 7. On February 1, 2019, Judge Russo granted Defendants' motion for extension of time to answer Plaintiffs' complaint. ECF 11. Plaintiffs did not oppose either motion. On March 21, 2019 Defendants filed a motion to dismiss the complaint, arguing that dismissal is warranted because the Religious Freedom Restoration

Act, under which Plaintiffs bring their claims, does not authorize money damages and because Plaintiffs lack Article III standing. Rather than filing an opposition to Defendants' motion, 21 days after the filing of Defendants' motion Plaintiffs moved for a 60-day extension of time to amend their pleadings as a matter of course pursuant to Federal Rules of Civil Procedure 15 and 6. Defendants opposed Plaintiffs' motion.

Federal Rule of Civil Procedure 15 permits a party to amend its pleadings once as a matter of course within 21 days after service of motion to dismiss filed under Rule 12. *See* Fed. R. Civ. P. 15(a)(1). The Rule also instructs that "[t]he court should freely give leave [to amend] when justice so requires." *Id.* The Ninth Circuit has admonished that this policy should be "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Supreme Court has instructed courts that:

> In the absence of any apparent declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time."

Defendants do not allege that Plaintiff's motion for an extension of time to file an amended pleading is rooted in bad faith, a desire to cause undue delay, or dilatory motive. Nor do Defendants articulate any undue prejudice that they will suffer if Plaintiff's motion is granted. Defendants argue that any amendment would be futile because Plaintiffs cannot cure the complaint's deficiencies and that Plaintiffs have not established that good cause exists for a 60-day extension. The Court finds that Plaintiffs have established that good cause exists to grant

PAGE 3 – ORDER

Plaintiff's motion. Plaintiffs have described the difficulties in effective communication between counsel and clients due to translation issues, which causes communication to take longer than it would normally, and therefore necessitates an extension of time. Additionally, Plaintiffs have asserted that any deficiencies in the complaint as it currently stands can be cured through amendment, but counsel needs more time to conduct further fact investigation. And finally, the Ninth Circuit's "policy in favor of deciding cases on the merits" weighs heavily in favor of allowing Plaintiffs the opportunity to cure any deficiencies in their complaint. *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017).

Given Plaintiffs' representations and Defendants' failure to articulate any undue prejudice that will result, the Court agrees with Judge Russo's analysis and concludes that Plaintiffs' requested extension of time to file an amended complaint should be allowed. Because Plaintiffs will file an amended complaint, Defendants' pending motion to dismiss the original complaint is now moot.

The Court ADOPTS the Findings and Recommendation (ECF 16). Plaintiffs' Motion for Extension of Time to File Amended Complaint (ECF 14) is GRANTED and Defendants' Motion to Dismiss (ECF 12) is DENIED as MOOT.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge